O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWTON SUAREZ,<br><br>    Petitioner,<br><br>  v.<br><br>JOE A. LIZARRAGA, Warden,<br><br>    Respondent. | Case No. LA CV 14-2627 PSG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY AND EVIDENTIARY HEARING** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

  In his Objections, Petitioner raises three issues that warrant brief discussion here.

  **A.** <u>New Claim</u>

  First, Petitioner raises a new, unexhausted habeas claim. Namely, Petitioner contends that his sentence under California's Three Strikes Law was improper because he was denied a jury trial as to his prior convictions. (Objections at 4-5.)

//

As a rule, a state prisoner must exhaust available state court remedies before presenting a habeas claim in federal court. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, preliminarily, Petitioner fails to establish that he has exhausted his new claim in state court, and thus the claim is inappropriate for federal habeas review. *See* 28 U.S.C. § 2254(b); *Baldwin*, 541 U.S. at 29.

Moreover, Petitioner's new claim is meritless. The trial record reflects both that Petitioner "knowingly, intelligently, expressly and voluntarily" waived his right to a jury trial, and that court records clearly established that Petitioner had suffered two prior strike convictions. (Lodg. No. 4, Reporter's Transcript at 2418, 2703-10.) In any event, "the Supreme Court has repeatedly held that there is no right to a jury trial to prove the existence of a prior conviction." *Crittenden v. Uribe*, 2011 WL 1464590, at *6 (C.D. Cal. Mar. 15, 2011) (compiling cases). Thus, the trial court's purported denial of a jury trial as to Petitioner's prior convictions did not violate "clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1).

### B. Appointment of Counsel

Second, Petitioner objects to the Magistrate Judge's denials of Petitioner's repeated requests for appointment of counsel. (Objections at 2-4; *see also* Dkt. Nos. 6, 11, 18, 32.)

However, the Court finds that appointment of counsel was not necessary to prevent due process violations in Petitioner's case. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Nor did the interests of justice require such appointment here. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

### C. Stay Motion

Third, Petitioner asks the Court to "[a]llow Petitioner to return to State Court to exhaust other constitutional claims." (Objections at 6.) In the interests of justice, the

1  Court construes Petitioner's request as a motion to stay the instant action ("Stay
2  Motion").
3     As a rule, "a petitioner may amend a new claim into a pending federal habeas
4  petition after the expiration of the limitations period only if the new claim shares a
5  'common core of operative facts' with the claims in the pending petition." *King v.
6  Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009) (quoting *Mayle v. Felix*, 545 U.S. 644, 659
7  (2005)).
8     Here, Petitioner's limitation period expired on April 15, 2015, *i.e.*, one year and
9  90 days after the California Supreme Court denied his petition for review on January
10 15, 2014. (*See* Pet. at 3); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.
11 2002) (holding that one-year limitation period begins to run 90 days after California
12 Supreme Court denies petition for review).
13    But Petitioner fails to identify the additional claims that he now wishes to
14 exhaust, and so the Court cannot determine whether any of Petitioner's unexhausted
15 claims may share a "common core of operative facts" with the claim set forth in his
16 Petition. *See King*, 564 F.3d at 1141.
17    Under these circumstances, the Court declines to exercise its discretion to stay
18 the instant action, and rather **DENIES** Petitioner's Stay Motion. *See Calderon v. U.S.
19 Dist. Ct. (Taylor)*, 134 F.3d 981, 988 n.11 (9th Cir. 1998) (emphasizing that district
20 courts do not have "carte blanche to stay even fully exhausted habeas petitions").
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Accordingly, IT IS ORDERED THAT:

1.  The Report and Recommendation is approved and accepted;

2.  Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.  The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("[28 U.S.C. § 2254(d)(1)] requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.").

DATED: 5/29/15

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE